UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS KOWALSKEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:07CV1651RWS |
| | ) |
| DAVID DORMIRE, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

Petitioner Thomas Kowalskey seeks a writ of habeas corpus. He asserts twenty claims that his Fifth, Sixth, and Fourteenth Amendment constitutional rights were denied during his trial and conviction for first-degree statutory sodomy and first-degree child molestation.

I referred this matter to United States Magistrate Judge Lewis M. Blanton for a Report and Recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On March 10, 2010, Judge Blanton filed his recommendation that Petitioner's habeas petition should be denied.

Kowalskey objects to Judge Blanton's factual recitation of the procedural history and to Judge Blanton's recommendation that habeas relief be denied on the merits. I have conducted a de novo review of all matters relevant to the petition.

*Objection to procedural history*

Kowalskey agrees with Judge Blanton's procedural history up to the Missouri Court of Appeals denial of Kowalskey's postconviction relief motion on February 13, 2007. Kowalskey argues that the Magistrate Judge omitted from the procedural history that he filed an application for rehearing or transfer to the Missouri Supreme Court that was denied on March 15, 2007. Kowalskey also argues that the Magistrate Judge failed to note that on June 28, 2007, Kowalskey filed a state petition for habeas corpus under Missouri Supreme Court Rule 91 in which he raised seventeen claims. That petition was denied on February 8, 2008. Kowalskey also argues that the Magistrate failed to note that on March 19, 2008, Kowalskey filed a second state petition for habeas corpus that raised the same seventeen claims. That petition was denied on April 4, 2008.

I have reviewed the documents Kowalskey has submitted in relation to his objection to the description of his procedural history, and will sustain Kowalskey's objection that the procedural history is incomplete. As a result, I will adopt the Magistrate's report on the procedural history in full and include the additional procedural facts mentioned above.

*Objection regarding procedural default*

Kowalskey argues that Judge Blanton erred in finding that claims four through twenty are procedurally defaulted. To avoid procedural default, "Missouri procedure requires that a claim be presented at each step of the judicial process."

Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994). Magistrate Judge Blanton correctly concluded that Kowalskey's claims four through twenty are procedurally defaulted because they were not raised in either his direct appeal or his postconviction relief motion. The fact that he later raised them in his state habeas petitions under Rule 91 is irrelevant. Kowalskey claims that Judge Blanton erred in finding that Kowalskey failed to show cause and prejudice. I find that Judge Blanton correctly analyzed Kowalskey's petition and correctly applied the law in reaching his recommendation that claims four through twenty are procedurally defaulted. As a result, Kowalskey's objection is overruled.

*Objections regarding the merits*

Macke argues that Judge Blanton erred in recommending that Kowalskey's petition be denied on the merits. I have reviewed each of Kowalskey's claims and I find that Judge Blanton correctly analyzed the grounds raised in Kowalskey's petition. As a result, Kowalskey's objection is overruled.

**Conclusion**

I find that Judge Blanton correctly analyzed Kowalskey's grounds for relief and correctly applied the law in reaching his recommendation. After careful consideration, I will adopt and sustain the thorough reasoning of Judge Blanton and will deny Kowalskey's habeas petition.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, a court must find a substantial showing of the

denial of a federal constitutional right. See <u>Tiedeman v. Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997) (citing <u>Flieger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Kowalskey has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Judge Blanton's Report and Recommendation [#14] filed on March 10, 2010 is adopted and sustained in its entirety, with the inclusion of the additional procedural facts mentioned above.

**IT IS FURTHER ORDERED** that Petitioner Thomas Kowalskey's Petition for Writ of Habeas Corpus [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 26th Day of April, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE